Filed 10/15/24  P. v. Nelson CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063524 |
| v. | (Super. Ct. No. C-92266) |
| OMAIMA AREE NELSON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed.

Omaima Aree Nelson, in pro. per.; Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Omaima Aree Nelson filed a petition asking the trial court to vacate her conviction for second degree murder and resentence her. The court denied the petition, and Nelson filed a timely notice of appeal. Appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, setting forth the facts of the case and requesting that this court review the entire record. Nelson was given notice and an opportunity to file a supplemental brief, which she did.

Exercising our discretion under *People v. Delgadillo, supra*, 14 Cal.5th at pages 231 to 232, we have independently examined the entire record as well as counsel's brief and Nelson's supplemental brief, and we find no reasonably arguable issue. We therefore affirm.

## BACKGROUND[1]

Nelson married William Nelson on November 1, 1991, about four weeks after they met. As we explained in an unpublished opinion affirming Nelson's conviction for murder, she "spent Thanksgiving weekend of 1991 killing, decapitating, dismembering, disemboweling, cooking, and freezing William Nelson." William's skull (found in the freezer) had been struck by a heavy object, consistent with an iron found in the bedroom closet which was stained with blood and had hairs consistent with William's. William's heart and lungs were recovered (possibly from a trash bag full of William's "entrails" which had been located in his car at the home); both were found to have stab and slash wounds. William died either from the stab wounds to his heart, lung, or carotid artery, or from the blows to his skull.

---

[1] The relevant facts are drawn from this court's prior unpublished opinion. (*People v. Nelson* (Feb. 28, 1995, G013962) [nonpub. opn.].)

Nelson, who testified on her own behalf at the trial, claimed she attacked William as he was physically and sexually assaulting her. "Nelson denied intending to kill William or planning to take his money. She claimed to have very little memory of his dismemberment, but recalled cutting off his penis and his ring finger, cleaning the apartment, and packaging the body parts." A psychiatrist testified Nelson had suffered from chronic psychosis before she killed William. A clinical psychologist testified Nelson suffered from posttraumatic stress disorder and fit the definition of a psychotic. Nelson had been the victim of significant abuse as a child in Egypt. Nelson did not pursue an insanity defense at trial. Evidence of Nelson's previous acts of physical violence, as well as her acts of moral turpitude, was admitted to counter her claim of battered woman syndrome.

In April 1992, Nelson was charged in an information with the murder of William Nelson (Pen. Code, § 187, subd. (a) [count 1]),[2] with sentencing enhancement allegations of personal use of a deadly weapon (§ 12022, subd. (b)), and commission of a crime while released on bail (§ 12022.1). Nelson was also charged with assault with a firearm (§ 245, subd. (a)(2) [count 2]), attempted robbery (§§ 664, 211, 212.5, subd. (a), 213, subd. (a)(1) [count 3]), and false imprisonment (§ 236 [count 4]); the crimes charged in counts 2, 3, and 4 were committed against Robert Hannson. The information alleged Nelson personally used a firearm in committing counts 2, 3, and 4. (§§ 1203.06, subd. (a), 12022.5, subd. (a).)

A jury found Nelson guilty of counts 1 and 2, and found true the personal use of a deadly weapon and personal use of a firearm enhancements.

_____

[2] All further statutory references are to the Penal Code.

The jury acquitted Nelson of counts 3 and 4. In a bifurcated proceeding, the trial court found the on-bail sentencing enhancement allegation to be true.

The trial court sentenced Nelson to a term of 27 years to life: 15 years to life on count 1, the upper term of four years on count 2, five years for the firearm enhancement, one year for the deadly weapon enhancement, and two years for the on-bail enhancement. All other sentences were to run consecutive to the sentence in count 1. The judgment was affirmed on appeal. (*People v. Nelson* (Feb. 28, 1995, G013962) [nonpub. opn.])

After this court issued an unpublished opinion affirming the judgment, the trial court dismissed a 1991 automobile theft case against Nelson that was the basis for the on-bail sentencing enhancement. This court granted in part Nelson's petition for writ of habeas corpus, ordered the trial court to vacate the on-bail sentencing enhancement, and directed the court to prepare a modified abstract of judgment. (*In re Nelson* (Aug. 31, 2000, G026900 [nonpub. opn.].)

In June 2023, Nelson filed a petition for resentencing pursuant to section 1172.6. Counsel was appointed for Nelson. Following briefing and a hearing, the trial court denied Nelson's petition. Nelson timely appealed.

## ANALYSIS

Nelson was charged as the actual killer of her husband, and the evidence at trial supported the charge. The jury was not instructed on felony murder, aiding and abetting, or the natural and probable consequences doctrine. The jury was fully instructed on the necessary mens rea to convict Nelson of murder. Nelson was not entitled to resentencing based on the amendments to sections 188 and 189.

In a supplemental brief, Nelson argues she did not have the intent to kill because she was not in her "right healthy mind." She contends

4

malice was negated because she "was under extremely a huge deal of stress, PTSD, suffering from Battered Women Syndrom[e], mental disorders, substance abuse history, lack of control, a history of [being] abused psychologically, physically, sexually, and childhood trauma, and that I feared for my life and acted insanely." The issue of the sufficiency of the evidence to support Nelson's conviction for murder was not before the trial court when it ruled on her petition under section 1172.6, and it is not before us now.[3]

The only issue before us now is whether the trial court properly denied Nelson's petition under section 1172.6. We conclude it did. Section 1172.6 allows "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" to seek resentencing given the changes to sections 188 and 189. (§ 1172.6, subd. (a).) The statute does not authorize a person convicted of murder to re-litigate the same arguments raised at their original trial. In addition, the statute does not apply to the actual perpetrator of a murder, like Nelson. Here, malice was not imputed to Nelson based solely on her participation in a murder committed by another person. To the contrary, malice was established by the specifics of the murder she committed herself. The trial court did not err in denying Nelson's petition.

After an independent review of the entire appellate record and the briefs of counsel and Nelson, we find no arguable issue. Nelson has been

_____

[3] Whether one or more of these psychological conditions negated malice in the killing of William could have been—and was—addressed at Nelson's trial.

5

represented by competent counsel. We therefore affirm the trial court's order denying Nelson postjudgment relief.

## DISPOSITION

The postjudgment order is affirmed.

GOODING, J.

WE CONCUR:

MOORE, ACTING P. J.

DELANEY, J.